UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| LASHAWN JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | 2:24-CV-00104-DCLC-CRW |
| | ) | 2:18-CR-00017-DCLC-CRW |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner LaShawn Johnson's *pro se* Motion to Vacate, Set Aside, or Dismiss under 28 U.S.C. § 2255 [Doc. 1; Criminal Docket Doc. 1968]. The United States (the "Government") responded in opposition [Doc. 6] and Johnson has replied [Doc. 8]. Johnson subsequently filed an Amended Complaint and Discovery Request [Doc. 7], Motion to Dismiss, Set Aside, or Time Served [Doc. 9], Motion for Evidence and Request for Docket Sheet [Doc. 11], Motion for Live Data Base Printout/Case Update [Doc. 12], Motion to Dismiss/Release/on the grounds below and to answer Motion [Doc. 14], Motion for Writ of Mandamus [Doc. 16], Motion to Dismiss Case or to Produce Warrant [Doc. 18], and Motion for Reconsideration and Status Check [Doc. 21]. Additionally, Johnson has filed a Motion for Earned G.C.T., Docket Sheet Request, and Escape to be removed [Criminal Docket Doc. 2016] and a Motion for Docket Sheet/Live Data Base print out, and update [Criminal Docket Doc. 2034].

For the reasons stated herein, Johnson's § 2255 motion [Doc. 1] is **DENIED**. The supplementary motions to his 2255 motion [Docs. 7, 9, 14, 18, 21] are **DENIED AS MOOT**. The motions seeking discovery documents [Docs. 7, 11, 12, 18] are also **DENIED AS MOOT.** The

1

motion for writ of mandamus is **DENIED.** Finally, the motions related to his good time credits [Criminal Docket Docs. 2016, 2034] are **GRANTED IN PART** as to the request for his criminal docket sheet, and **DENIED IN PART** as to the remainder of his motions.

## I. BACKGROUND

On November 5, 2019, Johnson pleaded guilty to one count of conspiracy to distribute and possession with the intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). [Criminal Docket Docs. 1322, 1347]. Johnson faced a guideline range of 151 to 188 months [Criminal Docket Doc. 1545, ¶ 95], and the Court sentenced him to a term of 160 months, to be served concurrently with two separate Knox County sentences. [Criminal Docket Docs. 1846, 1847]. Johnson appealed the judgment, his counsel filed an *Anders* brief, and on February 22, 2023, the Sixth Circuit affirmed his conviction and sentence. [Criminal Docket Doc. 1865].

On June 10, 2024, the Clerk of Court received and docketed Johnson's § 2255 Motion. [Doc. 1]. That motion is signed and dated March 1, 2024, with a second signature and notation stating, "Refiled on this motion on 6-2-2024." [*Id.*].

## II. LEGAL STANDARD

Under § 2255, "[a] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A court must vacate a sentence upon a finding "that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack[.]" 28 U.S.C. § 2255(b). To warrant relief for a denial or infringement of a constitutional

2

right, a petitioner must establish an "error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)). To warrant relief for a non-constitutional claim, a petitioner must establish that a fundamental defect in the proceeding resulted in a complete miscarriage of justice or an egregious error that deprived him of "the rudimentary demands of fair procedure." *Reed v. Farley*, 512 U.S. 339, 354 (1994) (citation and quotation omitted). A motion to vacate under § 2255 is not a substitute for direct appeal. *United States v. Duhart*, 511 F.2d 7 (6th Cir. 1975); *DiPiazza v. United States*, 471 F.2d 719 (6th Cir. 1973). The Court must hold an evidentiary hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

## III.    ANALYSIS

### A.  Motion to Vacate, Set Aside, or Dismiss under 28 U.S.C. § 2255 [Doc. 1]

Motions under § 2255 must be filed within one year from the latest of the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Here, Johnson's judgment became final on May 23, 2023, when the 90-day period for seeking certiorari review expired. *See Clay v. United States*, 537 U.S. 522, 525 (2003). Johnson had one year from this date (i.e., until May 23, 2024) to timely file a motion under 28

3

U.S.C. § 2255.  But he did not file his motion until June 2024.

Still, the one-year limitations period may be subject to equitable tolling in certain situations. *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)).  Equitable tolling "allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)).  But equitable tolling is granted "sparingly," and for it to apply, a § 2255 petitioner must establish (1) "that he has been pursuing his rights diligently," and (2) "that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 560 U.S. at 649).  Equitable tolling is evaluated on a case-by-case basis, with the petitioner bearing the "ultimate burden of persuading the court that he or she is entitled to equitable tolling." *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 462 (6th Cir. 2012) (citation omitted).

In his reply brief, Johnson asserts that he filed his motion on March 1, 2024, but the prison mailroom and United States Postal Service either delayed or lost his mail.  After three months, he claims he filed the motion again.  The Clerk of Court received Johnson's motion post-dated June 3, 2024, and entered it on the docket on June 10, 2024.  Johnson states that he has "filed a Greivance against B.O.P., FCI TDG mailroom due to mail issues with mail not being sent out, and mail being lost." [Doc. 8].  He also states that "'FCI TDG' stated it's on USPS and they are having internal problems and the mail lost or never received is not on them so I have been having to mail out things 2 and 3 times." [*Id.*].  The Court interprets these statements as an argument that he has been pursuing his rights diligently, and that the mail issues are extraordinary circumstances that prevented timely filing and warrant equitable tolling.

Extraordinary circumstances for the purpose of equitable tolling may exist where a prison

mailroom is at fault for the delayed filing. *See Hakim v. Jones*, No. 3:13-cv-969, 2017 WL 4158672 (N.D. Ohio May 30, 2017), *report & recommendation adopted*, 2017 WL 4155360 (Sept. 18, 2017). In *Hakim*, the District Court equitably tolled the limitations period because the defendant produced substantial evidence in support of his claim that the prison mailroom prevented the mailing of his motion. *Id.* at *2. This evidence included three affidavits corroborating the mailroom issues, one of which was submitted by a prison official, and a commissary financial statement showing that he withdrew funds for filing on the day of original mailing. *Id.*, at *1-2.

However, where a defendant provides only "bare or unsupported allegation[s] of misconduct by prison officials" or the mail system, such allegations are insufficient to support a finding of extraordinary circumstances. *United States v. Woosley*, No. CR 5:19-37-DCR-CJS, 2022 WL 17817349, at *4 (E.D. Ky. Nov. 18, 2022), *report and recommendation adopted*, No. CR 5:19-037-DCR, 2022 WL 17443596 (E.D. Ky. Dec. 6, 2022); *see also Gresham v. Capello*, 489 F. App'x 930, 932–33 (6th Cir. 2012); *Ray v. Clements*, 700 F.3d 993, 1012 (7th Cir. 2012) (holding that when a petitioner's post-conviction motion is not received by the court, the petitioner must submit a sworn statement and corroborating evidence to support his claim that he timely delivered the filing to a prison official).

Other than his own statements, Johnson has not provided evidence that corroborates his assertions that he mailed his petition on March 1, 2024, and that either prison authorities or the postal service delayed or lost his mail. Without corroboration, Johnson has not demonstrated that circumstances outside of his control were responsible for the delay in mailing his motion. Johnson could have included statements from the mailroom workers or documents confirming he had submitted his motion for mailing on March 1, 2024. Instead, the Court has only unsupported allegations from Johnson that his mail was either delayed or lost. In his Motion for the Docket

5

Sheet and Evidence [Doc. 11], Johnson did attach the grievance he filed with the warden regarding a package he mailed out in April 2024 that was not received. [Doc. 11, pg. 3]. The Warden responded to the grievance explaining that they could not track the package for him because "Mailroom staff advised you that you would have to pay additional money in order to place a certified slip and return receipt on the package … You never put the additional required stamps on the package." [Doc. 11, pg. 4]. The Warden further explained that if his package is missing, he should contact the Postal Service. Neither the grievance itself nor the Warden's letter corroborates Johnson's allegations that he mailed his § 2255 petition on March 1, 2024. Additionally, Petitioner has filed multiple motions and letters in this case, and these documents are each filed a relatively short time after they are post-dated, and they are post-dated within a few days of Johnson's internal dating in the documents. [*See, e.g.,* Doc. 18 (signed and dated by Johnson on February 28, 2026; post-dated March 5, 2026; filed by the Court on March 20, 2026]. There is simply no proof to support his claim that prison authorities or the postal system is responsible for the delay in mailing, or in the Court receiving, his motion. Therefore, Johnson has failed to show extraordinary circumstances warranting equitable tolling.

Because Johnson's motion is untimely, there is no need for the Court to conduct an evidentiary hearing or review the merits of the motion. Additionally, the Court considers Johnson's related motions [Docs. 7 (Amended Complaint), 9 (Motion to Dismiss), 14 (Motion to Dismiss), 18 (Motion to Dismiss), 21 (Motion for Reconsideration)] as supplements to the petition, rather than second or successive § 2255 petitions. These motions closely relate to and reiterate the same legal and factual arguments raised in Johnson's original § 2255 petition [Doc. 1]. These supplementary motions are denied as moot.

### B. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit disapproves of the issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id*. at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id*.

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. The Court finds that reasonable jurists could not find it debatable that Defendant's § 2255 motion is untimely. Therefore, a certificate of appealability will be denied.

### C. Motions for Documents [Docs. 7, 11, 12, 18]

Across multiple motions, Johnson moves to obtain copies of certain court records and documents he seeks to use as evidence to support his § 2255 petition. [Doc. 7 (requesting the transcript of the suppression hearing, criminal case docket sheet, toxicology report, an email from his attorney, transcript of the change of plea hearing, and transcript of the hearing where his former counsel was allowed to withdraw); Doc. 11 (requesting the employment file of the officer who investigated him); Doc. 12 (requesting the civil case docket sheet); Doc. 18 (requesting the warrant, affidavit of complaint, transcript of revocation hearing, and transcripts of Knox County criminal court proceedings)].

There is no automatic right to discovery in connection with a § 2255 motion. *Johnson v. Mitchell*, 585 F.3d 923, 934 (6th Cir. 2009) (citing *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). Pursuant to the Rules Governing § 2255 Cases, a "judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal or Civil Procedure, or in accordance with the practices and principles of law." Rule 6, 28 U.S.C. foll. § 2255; *see Bracy v. Gramley*, 520 U.S. 899, 904 (1997) (discussing the similar discovery rule for § 2254 cases). Under this good cause standard, a district court may grant leave to conduct discovery in habeas corpus proceedings only "where specific allegations before the court show reason to believe that the petitioner may, if the facts are more fully developed, be able to demonstrate that he is ... entitled to relief...." *Id.* at 908–909 (quoting *Harris v. Nelson,* 394 U.S. 286, 300 (1969)).

Because Johnson's § 2255 petition is untimely and he is not entitled to relief, he cannot satisfy the good cause standard. Further, none of the requested documents are necessary for resolution of his motion. Accordingly, the motions for documents [Docs. 7, 11, 12, 18] are denied as moot.

### D. Writ of Mandamus [Doc. 16]

On November 12, 2025, Johnson filed a petition for writ of mandamus in the Sixth Circuit. The Sixth Circuit later denied the petition because it was "unclear what relief Johnson seeks," and he "has or had adequate alternative remedies" to challenge his state and federal convictions. [Doc. 19].

It appears that Johnson filed the same petition for writ of mandamus in both the Sixth Circuit and in this Court. This Court agrees with and follows the Sixth Circuit's decision to deny Johnson's petition for writ of mandamus as he has not clearly stated the relief he seeks. [*See id.* ("[H]is petition fails, because although we construe pro se filings liberally, *Reho v. United States*,

53 F.4th 397, 399 (6th Cir. 2022) (order), a petitioner seeking a writ of mandamus must still clearly state the relief he seeks, the issues he presents, the facts necessary to understand those issues, and the reasons this court should issue a writ, *see* Fed. R. App. P. 21(a)(2). Johnson has not done so."].

**E. Motions for Earned Good Time Credit [Criminal Docket Docs. 2016, 2034]**

In both motions, [Criminal Docket Docs. 2016, 2034], Johnson asks the Court to correct his sentence to properly consider his earned good time credits. This Court previously addressed Johnson's earlier motion for pretrial jail credit in an Order noting that Johnson must first exhaust the BOP's Administrative Remedy Program, and only then may he petition for habeas review under 28 U.S.C. § 2241. [Criminal Docket Doc. 1893]. The Court repeats that instruction here.

A prisoner must first exhaust his available administrative remedies before filing a § 2241 petition for habeas relief. *Aron v. LaManna*, 4 F. App'x 232, 232 (6th Cir. 2001). It is not clear from the instant motions if Johnson has satisfied the exhaustion requirement. [Criminal Docket Doc. 2016 (listing a remedy ID number associated with the Regional Admin Remedy Coordinator and describing communications with the BOP and Tennessee Department of Corrections)].

Assuming that he has, the Court must still deny the motion as it is not properly presented as a § 2241 habeas corpus petition. "[A] petition concerning the manner or execution of a sentence is appropriate under § 2241." *Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016) (quoting *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)). The application of good-time credits falls within the "manner or execution of a sentence" and thus is properly analyzed under § 2241. *Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) (noting that § 2241 "is a vehicle...for challenging matters concerning the execution of a sentence such as the computation of good-time credits"). A § 2241 petition must be "directed to the district court where the petitioner is incarcerated, and nam[e] the warden of the federal facility as a respondent." *United States v.*

9

*Nathan*, No. 1:10-CR-72, 2019 WL 10960494, at \*1 (W.D. Mich. Dec. 20, 2019) (quoting *Simms v. United States*, No. 08-43-HRW, 2009 WL 3061994, at \*5 (E.D. Ky. Sept. 21, 2009). Johnson is not incarcerated in this district but is instead incarcerated at FCI Talladega, in the Northern District of Alabama. Accordingly, Johnson's motions for earned good time credit must be denied.

Johnson also seeks two other forms of relief in his April 21, 2025 motion. First, he requests the docket sheet in his criminal case "for [his] 2255 Appeal." The Court grants this request and directs the Clerk to mail Johnson a copy of the docket sheet in 2:18-cr-00017-DCLC-CRW-37.

Second, Johnson asks the Court to address two inaccuracies in his Presentence Investigation Report. He argues that he was never convicted of Escape as a juvenile, which is referenced in paragraph 45 in the Presentence Investigation Report. He also argues that the expiration of sentence date for his September 13, 2009 conviction, referenced in paragraph 54, is incorrect.

Federal Rule of Criminal Procedure 32 governs presentence reports. Courts have routinely held that once a sentence has been imposed, Rule 32 does not confer jurisdiction to the district court to consider a motion to correct a presentence report. *See, e.g., United States v. Sarduy,* 838 F.2d 157, 158 (6th Cir. 1988). These issues should have been raised on direct appeal. *Id.* The Court does not have jurisdiction over Johnson's claims, therefore his requested relief is denied.

## IV.    CONCLUSION

For these reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1; Criminal Case Doc. 1968] is **DENIED**. The supplementary motions to his 2255 motion [Docs. 7, 9, 14, 18, 21] are **DENIED AS MOOT**. The motions seeking discovery documents [Docs. 7, 11, 12, 18] are also **DENIED AS MOOT.** The motion for writ of mandamus is **DENIED.** Finally, the motions related to his good time credits [Criminal Docket Docs. 2016, 2034] are **GRANTED**

10

**IN PART** and **DENIED IN PART.** The Clerk is **DIRECTED** to mail Johnson a copy of the docket sheet in 2:18-cr-00017-DCLC-CRW-37.

A separate judgment shall enter.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Court

11